## FIRST INTERSTATE BANK OF TEXAS, N.A.

v.

## FIRST NATIONAL BANK OF JEFFERSON PARISH.

### Civ. A. No. 88–4814.

United States District Court,
E.D. Louisiana.

Oct. 27, 1989.

Douglas S. Draper and Barbara H. Weiss, Friend, Wilson & Draper, New Orleans, La., for plaintiff.

William Brown and Mary Dumestre, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for defendant.

## ORDER AND REASONS

MENTZ, District Judge.

This matter comes before the Court on motion of defendant, First National Bank of Jefferson Parish (FNJ), for summary judgment. The Court, after reviewing the memoranda of counsel, the motion, the record, and the law hereby DENIES the motion for the reasons set forth below.

■ The plaintiff, First Interstate Bank of Texas, N.A., (FIB), is seeking to enforce a Bond Purchase Agreement by which FNJ is allegedly obligated to buy certain Industrial Development Revenue Bonds from FIB. FNJ submits that because this agreement was not reported to the FDIC in accordance with the rule in *D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), as codified in 12 U.S.C. § 1823(e) (West Supp.1989), it is a secret agreement and, therefore, unenforceable as a matter of law. At all times pertinent, both banks involved in this litigation were, and continue to be, solvent. The FDIC is not acting in either its corporate or receiver capacity with respect to FNJ or FIB, nor is the FDIC a party to this litigation.

■ The Federal Deposit Insurance Act of 1950 provides in pertinent part:

(e) **Agreements against interests of Corporation.** No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2)

shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

12 U.S.C. § 1823(e) (West Supp.1989).

The purpose of § 1823(e) is to protect the FDIC, enabling that agency to effectively and efficiently administer the assets and liabilities of failing banks. *See Langley v. Federal Deposit Insurance Corp.*, 484 U.S. 86, 108 S.Ct. 396, 401, 98 L.Ed.2d 340 (1987). Secret agreements could, therefore, hinder the FDIC's ability to decide whether to liquidate a failed bank or provide financing for purchase of its assets (and assumption of its liabilities) by another bank. *Id.* Additionally, allowing the FDIC to treat unreported agreements as unenforceable discourages fraud and collusion on the part of bank employees when a bank appears headed for failure. *Id.*

FNJ argues that the policy espoused in *D'Oench* as codified in § 1823(e) requires that the Court extend this protection to include the FDIC in its role as *insurer* when an agreement that impacts the financial position of an insured bank is not reported to the FDIC. However, in this instance no claim or defense has been asserted against the FDIC. *In re: Longhorn Securities Litigation*, 573 F.Supp. 278, 280–81 (W.D.Okla.1983). Therefore, it is irrelevant, for purposes of this motion, that the purported Bond Purchase Agreement was not reported to the FDIC. Indeed, that fact is not contested by FIB. The *D'Oench* doctrine and § 1823(e) do not apply because the FDIC is not a party to this action in either its corporate or receiver capacity. Both banks are solvent. One bank is simply trying to enforce an agreement with the other. The purposes and policy of *D'Oench* and § 1823(e) are not implicated by the circumstances attendant to the instant litigation, and as such will not be applied by this Court.

Accordingly,

IT IS ORDERED that the defendant's motion for summary judgment is DENIED.